**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER OF ABATEMENT

Appellate case name:        Allen Keith Alexander v. The State of Texas

Appellate case number:     01-18-00959-CR

Trial court case number:    1511205

Trial court:                        337th District Court of Harris County

On August 13, 2018, appellant, Allen Keith Alexander, pleaded guilty to the first-degree felony offense of aggravated sexual assault of a child—under fourteen years of age, without an agreed punishment recommendation, pending a presentence investigation ("PSI") hearing. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i), (2)(B), (e) (West 2011). The trial court certified on August 13, 2018, that this was not a plea-bargain case, and that appellant had the right to appeal. *See* TEX. R. APP. P. 25.2(a)(2). At the PSI hearing on October 18, 2018, the trial court adjudicated appellant guilty and assessed his punishment at thirty-five years' confinement. *See* TEX. PENAL CODE ANN. § 12.32(a) (West 2011). On October 18, 2018, appellant timely filed a notice of appeal, and the trial court appointed Angela L. Cameron of the Harris County Public Defender's Office as appellant's appellate counsel. *See* TEX. R. APP. P. 26.2(a)(1).

On December 18, 2018, the appellate records were completed after the filing of the reporter's record, after the clerk's record was filed on December 17, 2018, and appellant's brief was due by January 17, 2019. *See* TEX. R. APP. P. 38.6(a). Because appellant did not timely file a brief, the Clerk of this Court's February 15, 2019 late-brief notice notified appellant's appointed counsel, Angela L. Cameron, that this case might be abated for a hearing pursuant to Rule of Appellate Procedure 38.8(b)(2), if either the brief or an extension motion were not filed within ten days of that notice. Appellant's counsel failed to timely respond.

Accordingly, the Court sua sponte **abates** this appeal and **remands** for the trial court to immediately conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's counsel, **Angela L. Cameron**, shall be present. TEX. R. APP. 38.8(b)(2). Appellant shall also be present for the hearing in person or, if appellant

is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

The trial court shall have a court reporter record the hearing. The trial court is directed to:

(1) make a finding on whether appellant wishes to prosecute this appeal;

(2) if appellant does wish to prosecute this appeal, determine whether counsel Angela L. Cameron Booker has abandoned this appeal;

(3) if counsel Angela L. Cameron has not abandoned this appeal:

    a.    inquire of counsel the reasons, if any, that she has failed to file a brief timely on appellant's behalf; and

    b.    set a date certain when appellant's brief will be due, regardless of whether this Court has yet reinstated this appeal and no later than 30 days from the date of the hearing;

(4) if Angela L. Cameron has abandoned this appeal, enter a written order relieving Angela L. Cameron of her duties as appellant's counsel, including in the order the basis for the finding of abandonment, determine whether appellant is indigent, and:

    a.    if appellant is indigent, appoint substitute appellate counsel at no expense to appellant;

    b.    if appellant is not indigent, admonish appellant of the dangers and disadvantages of self-representation, and:

        i. determine whether appellant is knowingly and intelligently waiving his right to counsel and, if so, obtain a written waiver of the right to counsel and set a date certain when appellant's brief is due in each case, regardless of whether this Court has yet reinstated this appeal and no later than 30 days from the date of the hearing; or,

        ii. if appellant does not wish to proceed pro se, provide a deadline by which appellant must hire an attorney;

(5) make any other findings and recommendations the trial court deems appropriate; and

(6) enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

---

[1] Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and her counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (d)(1), (f) (West 2005); TEX. R. APP. P. 38.8(b); *Gonzalez v. State*, 117 S.W.3d 831, 837 (Tex. Crim. App. 2003) (stating that presumption in favor of right to choice of counsel may be overridden by other factors relating to fair and orderly administration of justice); *cf.* TEX. CODE CRIM. PROC. ANN. art. 1.051(g) (requiring trial court to advise defendant of dangers and disadvantages of self-representation prior to proceeding to trial), 26.04(j)(2) (authorizing trial court to order appointed counsel to withdraw after finding of good cause is entered on record).

The court coordinator of the trial court shall set a hearing date no later than **30 days from the date of this order** and notify the parties and the Clerk of this Court of such date. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations with this Court **within 10 days** of the date of the hearing. The court reporter is directed to file the reporter's record of the hearing **within 10 days** of the date of the hearing. If the hearing is conducted by video teleconference, a certified video recording of the hearing shall also be filed in this Court within 10 days of the date of this hearing.

If Angela L. Cameron files an extension motion and brief on appellant's behalf in this Court and a copy of such brief in the trial court, and her brief complies with Texas Rule of Appellate Procedure 38.1, **no later than 10 days from the date of this order**, together with a motion requesting that this Court withdraw this Order of Abatement, this Court may reconsider and withdraw this Order of Abatement and reinstate this appeal.

This appeal is abated, treated as a closed case, and removed from this Court's active docket. This appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record, if any, are filed in this Court.

It is so **ORDERED**.

Judge's signature: ___/s/ Evelyn V. Keyes_____
           x Acting individually    ☐ Acting for the Court
Date: __March 5, 2019____